UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANJITH KEERIKKATTIL,**<br><br>Petitioner,<br><br>v.<br><br>**COLETTE S. PETERS**, *et al.*,<br><br>Respondents. | Case No. 1:24-cv-00574 (TNM) |

**MEMORANDUM OPINION**

Petitioner Ranjith Keerikkattil, proceeding *pro se*, filed this petition for a writ of habeas corpus directed at Colette S. Peters, Director of the Federal Bureau of Prisons (BOP), and Kelly Vick, Deputy Warden of the D.C. Correctional Treatment Facility (CTF). *See* Petition (Pet.) at 1–8, ECF No. 1. When he filed, Keerikkattil was located at CTF in the District of Columbia. But he has since been moved elsewhere. The Director argues that the Court must dismiss this case because it lacks personal jurisdiction over Keerikkattil's immediate custodian. Not so. Although jurisdiction in habeas normally travels with the petitioner, a district court retains jurisdiction following a petitioner's transfer so long as there remains a respondent within the jurisdiction who can secure the petitioner's release. Here, that respondent is the Director herself. So the Court will deny the Director's motion to dismiss and grant Keerikkattil's petition in part.

**I.**

In 2018, following a jury trial in the Superior Court for the District of Columbia, Keerikkattil was convicted of criminal stalking under D.C. Code § 22-3133. *Keerikkattil v. United States*, 313 A.3d 591, 596 (D.C. 2024). But rather than appear for sentencing, Keerikkattil fled abroad and was a fugitive for over four years. In October 2022, Keerikkattil

was finally arrested and was held without bond.  *See* Pet. at 26 (Commitment Order).  Then, in 2023, he was convicted in Superior Court of violating the Bail Reform Act for his failures to appear for sentencing.  *See United States v. Keerikkattil*, 2018 CF2 010309 (D.C. Sup. Ct.), Docket Entry for Nov. 13, 2023.  The Superior Court sentenced Keerikkattil to twelve months' imprisonment and three years' supervised release.  *Id*., Docket Entry for Jan. 17, 2024.

Keerikkattil filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking re-computation of his sentence, the application of good-time credits, the ability to apply for placement in a residential reentry center, and transfer to a facility that can provide adequate medical care.  *See* Pet. at 1–8.  When he filed, Keerikkattil was detained at CTF in the District of Columbia.  *Id*. at 1.  The next month, Keerikkattil was transferred to FDC Philadelphia.  Supp. to Opp'n to Mot. to Dismiss at 2, ECF No. 20.  Now he is incarcerated at FCI Fort Dix in New Jersey.  *Id*.

The Court ordered Respondents to show cause as to why the Petition should not be granted.  Order to Show Cause (OSC), ECF No. 6.  The Director responded by moving to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this matter to the District of New Jersey, where Keerikkattil's current custodian is located.[1]  *See* Resp. to OSC and Mot. to Dismiss or Transfer (Mot.) at 1, ECF No. 15.  This motion is now ripe.

---

[1] The U.S. Attorney's Office for the District of Columbia initially entered an appearance on behalf of both the Director and Deputy Warden Vick.  But the USAO later informed the Court that it mistakenly entered an appearance for Deputy Warden Vick and is only representing the Director.  *See* Errata to Defendant's Notice of Appearance, ECF No. 21. Though the docket reflects that the show cause order has been served on Deputy Warden Vick, the D.C. Attorney General's Office never entered an appearance on her behalf.  In any case, because Deputy Warden Vick is no longer Keerikkattil's custodian and cannot order his release, the Petition is moot as to her and so will be dismissed.

## II.

The Court must construe a *pro se* complaint liberally, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But like all plaintiffs, *pro se* plaintiffs must plead facts that establish jurisdiction. *See Theus v. Ally Fin., Inc.*, 98 F. Supp. 3d 41, 44 (D.D.C. 2015).

To survive dismissal under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction by a preponderance of the evidence. *Chow v. WMATA*, 391 F. Supp. 3d 37, 40 (D.D.C. 2019). Similarly, on a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over a defendant. *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 23 (D.D.C. 2011).

## III.

BOP argues that dismissal is appropriate on two grounds: (A) the Court lacks jurisdiction over Keerikkattil's immediate custodian, and (B) Superior Court has exclusive jurisdiction over challenges to Superior Court convictions. The Court addresses each in turn.

### A.

Normally, the only proper respondent in a habeas case is the petitioner's "immediate custodian"—that is, the warden of the facility in which the petitioner is incarcerated when he files the habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Chatman–Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988) (en banc) ("[T]he proper defendant in federal habeas cases is the warden."). For cases arising under 28 U.S.C. § 2241, a district court evaluates its jurisdiction based on whether the "respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also*

*Padilla*, 542 U.S. at 442 ("[T]he traditional rule has always been that the Great Writ is issuable only in the district of confinement.").

When Keerikkattil petitioned for a writ of habeas corpus, he was confined as a D.C. prisoner at CTF, in the immediate custody of Deputy Warden Vick. Pet. at 1. There is no question that, at the time of filing, the Court had territorial jurisdiction to consider his petition. *See Crawford v. Jackson*, 323 F.3d 123, 125 (D.C. Cir. 2003). Deputy Warden Vick was Keerikkattil's immediate custodian, and she was subject to this Court's jurisdiction. So Keerikkattil was right to file his petition here. Simple enough.

Now, what happens when a prisoner files a petition against his immediate custodian but then is transferred out of that court's territorial jurisdiction? The general rule is that "[w]hen the Government moves a habeas petitioner after []he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441. In short, "the transfer of a prisoner from one correctional facility to another would not ordinarily deprive the court of jurisdiction over the habeas petition." *Crawford*, 323 F.3d at 125.

The Supreme Court recognized this exception to the immediate custodian rule in *Ex parte Endo*, 323 U.S. 283 (1944). There, a Japanese American citizen detained in a California internment camp sought habeas relief in the Northern District of California, naming her immediate custodian as a respondent. *Id*. at 285. Then after she petitioned, the Government moved her to Utah. *Id*. So her "immediate physical custodian was no longer within the jurisdiction of the District Court." *Padilla*, 542 U.S. at 440. But even though Endo's immediate custodian was not subject to personal jurisdiction, the Supreme Court concluded that "assistant director of the [War Relocation Authority], who resided in the Northern District, would be an

4

'appropriate respondent' to whom the District Court could direct the writ." *Padilla*, 542 U.S. at 440; *see also Endo*, 323 U.S. at 304–05.

The facts here fit *Endo* like a glove. When Keerikkattil petitioned, this Court had jurisdiction over his immediate custodian, Deputy Warden Vick. As in *Endo*, jurisdiction initially was proper. But due to Keerikkattil's transfer, the Court does not have personal jurisdiction over Keerikkattil's current immediate custodian—the warden of FCI Fort Dix. The Court, however, does have personal jurisdiction over BOP Director Peters. And like the assistant director of the War Relocation Authority in *Endo*, the Director—while not Keerikkattil's "immediate custodian"—has the "legal authority to effectuate [Keerikkattil's] release." *Padilla*, 542 U.S. at 441; *see also Lyons v. CCA/Corr. Treatment Facility*, No. 06-cv-2008 (GK), 2007 WL 2007501, *1 n.1 (D.D.C. July 10, 2007) (retaining jurisdiction and substituting BOP custodian for CTF warden); *Ash v. Reilly*, 354 F. Supp. 2d 1, 5 (D.D.C. 2004), *vacated on other grounds*, 431 F.3d 826 (D.C. Cir. 2005) (same). Director Peters, after all, supervises BOP's wardens, *see* 28 C.F.R. § 0.95, and has authority over the "the commitment, control, or treatment" of prisoners, *id*. § 0.96. So the Court retains jurisdiction over Keerikkattil's petition.

For her part, the Director brushes *Endo* aside, arguing that she cannot be the subject of this Court's continuing jurisdiction because she was not a proper respondent when Keerikkattil filed his petition. Indeed, when Keerikkattil filed his petition, he was not even in BOP custody, so no BOP official could have provided relief. And even though Keerikkattil is now in BOP custody, the Director argues that she is not a proper respondent because she is not his immediate custodian. To obtain relief, she says, Keerikkattil must file his petition against his current immediate custodian: the warden of FCI Fort Dix.

5

The unusual facts here cannot help the Director skirt the clear holding in *Endo*—a case which also had unusual facts. While the Director is correct that, at the time Keerikkattil filed this petition, she was not his immediate custodian, the same was true of the assistant director of the War Relocation Authority. Yet the Supreme Court still concluded he was an "appropriate respondent." *Endo*, 323 U.S. at 304. Of course, if the Director had moved to dismiss before Keerikkattil had been transferred, dismissal may have been appropriate. But once Keerikkattil was transferred into BOP custody, the Director became an "appropriate respondent," per *Endo*, because she has the authority to release Keerikkattil upon the execution of the writ. This justifies the Court's continuing jurisdiction. *See Fletcher v. Reilly*, 433 F.3d 867, 875 (D.C. Cir. 2006) ("[B]ecause [petitioner] named his immediate custodian when he filed his petition for habeas, and the [Parole] Commission is within the jurisdiction of the District Court and has authority to effectuate [petitioner's] release on reparole, the District Court has jurisdiction to consider [his] habeas petition.").

The Director also argues that, because jurisdiction is proper in the District of New Jersey, the Court should transfer the case. But under the transfer statutes, the Court only has the authority to transfer a case to a district "in which it could have been brought." 28 U.S.C. §§ 1404(a), 1406(a), 1631; *see Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action to another district . . . [depends] upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."). When Keerikkattil petitioned, this district was the only district in which his action could be brought, since it is where his immediate custodian resided. He could not have filed his petition in the District of New Jersey. So transfer is not an option.

At bottom, if the Director were correct that jurisdiction is not proper in this Court now—even though it was when the petition was filed—D.C. prisoners would be stuck in a quandary. A petition against their D.C. custodian is likely to have a short shelf life since transfer to BOP custody would vitiate personal jurisdiction. So absent prophetic insight into the logistics of BOP transfers, petitioners would have to wait until they are in federal custody to determine the proper jurisdiction for filing. And even that assumes the petitioner is not then moved between BOP facilities, as happened here. This situation might not be so frustrating if this Court could simply transfer the petition to whichever district has jurisdiction over the petitioner's custodian. But the transfer of venue statutes prohibit this. More, since D.C. prisoners' initial custodian is a local official rather than a federal one, courts' normal procedure of automatically substituting one BOP warden with another would not work either. In short, D.C. prisoners face the prospect of no effective access to federal courts. That is unacceptable.

The Government often resolves this issue by waiving personal jurisdiction. *See Fletcher*, 433 F.3d at 875. Not this time though. And prisoners need not rely on the Government to do so. As courts have long held as to federal inmates moved within the system, transfer after a court's jurisdiction attaches does not defeat jurisdiction so long as there remains a respondent in the district who can carry out the court's order. *See, e.g.*, *In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021); *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018). The same principle applies here.

**B.**

As a separate basis for dismissal, the Director argues Keerikkattil's petition is not a § 2241 petition. Instead, she asserts it is properly a § 2254 petition, which, under D.C. Code § 23–110, must be brought in Superior Court unless such action would be "inadequate or ineffective to test the legality of his detention." D.C. Code § 23–110(g).

This argument is wrong from the start.  Because Keerikkattil's petition does not challenge the underlying Superior Court "conviction or sentence," it could not be brought under § 23–110.  *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998).  Rather, his challenge to "the computation of [his] sentence" must be raised in a habeas corpus petition—either in Superior Court, under D.C. Code § 16–1901(a), or federal court, under 28 U.S.C. § 2241.  *See id.* ("We find that section 16–1901 does not bar the federal courts from entertaining habeas corpus petitions filed by D.C. prisoners under 28 U.S.C. § 2241."); *Herndon v. U.S. Parole Comm'n*, 961 F. Supp. 2d 138, 141 (D.D.C. 2013) ("Habeas corpus under 28 U.S.C. § 2241 is the exclusive [federal] avenue available to a District of Columbia prisoner challenging the manner of execution of a sentence, rather than the sentence itself.").  Because Keerikkattil challenges the application of good-time credits and other conditions of confinement, the Court has jurisdiction over his petition under § 2241.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that § 2241 provided proper remedy for petitioner seeking application of good-time credits).  So the habeas jurisdiction funneling provisions in the D.C. Code do not apply.

### III.

Because the Court has jurisdiction over Keerikkattil's habeas petition, it will deny the Director's Motion to Dismiss.  The Director makes no arguments on the merits that would undermine Keerikkattil's petition.  So, in accordance with its Order to Show Cause, ECF No. 6, the Court will grant Keerikkattil's petition in part.  The Director shall re-compute Keerikkattil's sentence and permit him to apply for placement in a residential reentry center.  In light of

Keerikkattil's transfer from CTF, the Court will deny as moot his request seeking designation to a new facility.[2]  A separate Order will follow.


Dated: July 3, 2024                                                                          TREVOR N. McFADDEN, U.S.D.J.

---

[2]  Keerikkattil has filed several other motions regarding his Petition.  *See* Motion for Injunction, ECF No. 4; Motion for Preliminary Injunction, ECF No. 5; Motion for Discovery, Motion to Appoint Counsel, ECF No. 7; Motion for Leave to File Sur-Reply, ECF No, 23; Motion for Summary Judgment, ECF No. 24; Motion for Preliminary Injunction, ECF No. 25.  Given the Court's accompanying Order, the Court will deny these motions as moot.